UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BLACK,<br><br>                      Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                      Defendants. | Case No.: 21-cv-01990-RBM-JLB<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION TO FILE OR LODGE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 119]** |

     Before the Court is Defendants' *Ex Parte* Motion to File or Lodge Documents Under Seal ("Motion to Seal"). (ECF No. 119.) Defendants seek to file under seal the Declaration of Jacqueline J. McQuarrie in support of Defendants' Opposition (ECF No. 118) to Plaintiff's Motion to Compel Supplemental Responses to Discovery (ECF No. 109). (*Id*. at 2.) No Opposition has been filed.

     Defendants contend that the Declaration of Jacqueline J. McQuarrie in support of Defendants' Opposition to Plaintiff's Motion to Compel Further Responses to Discovery ("Declaration") should be sealed because it contains confidential information that may cause irreparable harm. (ECF No. 119-2 at 2.) The Declaration includes the San Diego Police Department Internal Affairs ("IA") investigation records, describing the individuals

1

| | |
|---|---|
| 1 | involved and details of the complaints. (ECF No. 119-1 at 3.) Defendants state that the IA
| 2 | investigation records are confidential officer personnel files protected by the official
| 3 | information privilege. (*Id*. at 4.) They also assert that the Declaration contains "private,
| 4 | personal information that if disclosed to the public could cause irreparable harm and/or
| 5 | violate the rights of privacy of the Defendant Officers, third-party officers, and citizen
| 6 | complainants." (*Id*.) Defendants argue that the Declaration should be filed under seal so
| 7 | that the Court can "adequately conduct [its] inquiry prior to the public release of any
| 8 | confidential and privileged information contained within the records" because "if
| 9 | Defendants were required to file the [Declaration] without the benefit of a sealing Order,
| 10 | this would undermine the Court's determination as to the confidentiality of the records and
| 11 | would make the determination moot." (*Id*. at 3–4.)
| 12 | "Historically, courts have recognized a 'general right to inspect and copy public
| 13 | records and documents, including judicial records and documents,'" which is "justified by
| 14 | the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'"
| 15 | *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*Nixon v.
| 16 | Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7, 598 (1978)). As such, a party seeking to
| 17 | seal a judicial record attached to a dispositive motion must "articulate[] compelling reasons
| 18 | supported by specific factual findings" that can surmount the "strong presumption in favor
| 19 | of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135
| 20 | (9th Cir. 2003).
| 21 | However, a different standard applies to non-dispositive motions. *Kamakana*, 447
| 22 | F.3d at 1179. "Non[-]dispositive motions 'are often unrelated, or only tangentially related,
| 23 | to the underlying cause of action,' and, as a result, the public's interest in accessing
| 24 | dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos
| 25 | v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d
| 26 | at 1179). "In light of the weaker public interest in non[-]dispositive materials, [courts]
| 27 | apply the 'good cause' standard when parties wish to keep them under seal." *Pintos*, 605
| 28 | F.3d at 678. "A 'good cause' showing will suffice to seal documents produced in

discovery." *Kamakana*, 447 F.3d at 1180; *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002) (noting that when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted).

For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result." *Phillips*, 307 F.3d at 1210–11 (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"), and *San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document")).

Here, the Opposition is a non-dispositive discovery motion that is not directly related to the merits of the case.[1] (*See* ECF No. 118.) Accordingly, the good cause standard applies. The Court finds that Defendants have established good cause to seal the Declaration because they have shown that specific prejudice or harm will result unless the document and/or information is sealed. Moreover, the Court finds that the sealing request is narrowly tailored to only portions of the Declaration that contain details of the IA investigation records related to officer personnel files. Accordingly, the Court finds good

///

///

---

[1] The Ninth Circuit does not intend for the descriptive terms of "dispositive" and "nondispositive" to be mechanical classifications where "the right of public access would be limited solely to literally dispositive motions." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). Rather "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id*. at 1101; *see also, In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115, 1120 (9th Cir. 2012) (finding that a *Daubert* motion should be treated as dispositive since it "pertain[ed] to central issues bearing on defendant's summary judgment motion").

cause to **GRANT** the Defendants' Motion to Seal. The Clerk of Court is **DIRECTED** to file under seal the Proposed Document lodged at ECF No. 120.

     **IT IS SO ORDERED.**

Dated: January 13, 2025

                                        Hon. Jill L. Burkhardt
                                        United States Magistrate Judge