UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BLACK, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>         Defendants. | Case No.: 3:21-cv-01990-RBM-JLB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>[Doc. 77] |

  Currently before the Court is Defendants Sergeant Christina Berg ("Sergeant Berg"), Ryan Poole, Elizabeth Ortiz, Alyssa Tutterow, Amy Buell, Katherine Jennings, Jardin Killinger, Austin Fowler, Kyle Valente, Jonathan Wells, Diego Usma, David Burns, and Jose Rodriguez's (collectively "Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") pursuant to Federal Rules of Civil Procedure 8, 12(b)(6), 12(f), and 41(b) ("Motion"). (Doc. 77.) Defendants move to dismiss the Thirteenth Claim of the TAC. (*Id.* at 2.[1]) Plaintiff Lance Black ("Plaintiff") has filed an Opposition. (Doc. 85.) Defendants have filed a Reply. (Doc. 87.)

  Having considered the briefing, the Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the

---

[1] The Court cites the CM/ECF electronic pagination for briefs and prior Court orders and the paragraph numbers of the complaints unless otherwise noted.

reasons outlined below, Defendants' Motion to Dismiss the Thirteenth Claim is **DENIED**.

## I.  BACKGROUND

### A.  Procedural History

After Plaintiff filed his First Amended Complaint ("FAC") (Doc. 39) pursuant to the parties' stipulation (Doc. 37), Defendants filed a motion to dismiss (Doc. 46) that was granted in part and denied in part (Doc. 58).  The Court granted Plaintiff leave to file an amended complaint (Doc. 58 at 40–41), and Plaintiff filed the Second Amended Complaint ("SAC") (Doc. 64).

The SAC added Plaintiff's Thirteenth Claim for violations of 42 U.S.C. § 1981. (SAC ¶¶ 182–184.)  Defendants filed a second motion to dismiss seeking dismissal of numerous claims, including the Thirteenth Claim brought pursuant to § 1981. (Doc. 67-1 at 18–19.)  The motion to dismiss the SAC was granted in part and denied in part.  (Doc. 75.)

Plaintiff's Thirteenth Claim was dismissed because the Ninth Circuit recently found that § 1981 does not provide an implied cause of action against state actors. (*Id.* at 35–36 (citing *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023)).)  "[T]he Ninth Circuit specifically indicated that '[a] plaintiff seeking to enforce rights secured by § 1981 against a state actor [is required to] bring a cause of action under [42 U.S.C.] § 1983." (*Id.* at 36 (quoting *Yoshikawa*, 74 F.4th at 1047).)  The Court granted Plaintiff leave to amend to replead the claim under § 1983.  (*Id.* at 36, 47.)

Plaintiff's TAC continues to assert the following claims in addition to the Thirteenth Claim at issue in this Motion: assault; battery; false imprisonment; intentional infliction of emotional distress; trespass to chattels; invasion of privacy; violations of the Computer Fraud and Abuse Act under 18 U.S.C. § 1030; negligence; violations of California Civil Code § 52.1(a) (Tom Bane Civil Rights Act); violations of California Civil Code § 51.7 (Ralph Civil Rights Act); violations of 42 U.S.C. § 1983 based on the Fourth Amendment for false arrest, excessive force, and an unreasonable search; violations of § 1983 based on the First Amendment for retaliation for exercise of First Amendment rights; violations of

§ 1983 under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) ("*Monell*") based upon official policies and customs and failure to train.[2] (TAC ¶¶ 78–262.)

### B. Factual Allegations of the TAC

The Court only briefly summarizes the allegations in this order. Except for the allegations added to the Thirteenth Claim, which are discussed below (*see* I.C), the factual allegations in the TAC and SAC are the same.[3]

Plaintiff alleges that two police officers stopped him because he is a black man that was driving an expensive car and wearing a nice watch. (TAC ¶¶ 4, 10–13.) Plaintiff alleges the officers then retaliated against him because he demanded to know why he had been stopped. (TAC ¶¶ 14–18.) Many additional officers were called to the scene, including those that taunted Plaintiff, surrounded his car, forcefully removed Plaintiff from the car, violently threw him to the ground, searched the car, and deleted the cell phone video he took of his interaction with officers. (TAC ¶¶ 21–23, 26–32, 34–36.)

Plaintiff asserts that when Sergeant Berg arrived, she and numerous other officers concocted false charges against Plaintiff to cover up their racially motivated misconduct, including an officer being directed by another officer to shut off their body camera to avoid the officers' meeting being recorded. (TAC ¶¶ 38–40, 49–52.) Plaintiff alleges that officers continued to act with racial animus in commenting on his "attitude," saying he was "lippy," tightening his handcuffs when he complained about his treatment, and Sergeant Berg falsely stating the handcuffs were stuck and would have to be cut off. (TAC ¶¶ 41–45, 49–50, 60 (alleging that the handcuffs were removed with no issue hours later).)

---

[2] Based on Plaintiff's redline document comparing the SAC and the TAC, it appears the only changes between the two complaints are the removal of individual Defendants that have been dismissed for certain claims, identifying claims that have been dismissed entirely as "DISMISSED" and the amendment of the Thirteenth Claim. (Doc. 76-1 ("Plaintiff's Redline").)

[3] Given the minimal changes made between the SAC and TAC, the Court only briefly summarizes the allegations of the TAC.

Plaintiff was then detained in a police car for three hours while two officers wrote and rewrote their false reports to support charges against Plaintiff and ensure he was not released after booking. (TAC ¶¶ 46–47, 53–55, 59, 62.) Plaintiff was not prosecuted. (TAC ¶¶ 63, 67.)

### C. Thirteenth Claim of the TAC

The Thirteenth Claim is now brought under § 1983 rather than § 1981 and identifies "Equal Protection and Due Process" in the heading. (Plaintiff's Redline [Doc. 76-1] at 81.) The claim lists the same prior paragraphs of the TAC for incorporation, identifies the same Fourth and First Amendment violations as in the SAC, including unreasonable use of force, false arrest, unreasonable search, and retaliation. (*Id.*) And the claim continues to state that "[s]aid rights are substantive guarantees under the First, Fourth and/or Fourteenth Amendments to the United States Constitution." (*Id.* at 81–82.)

New language is added alleging the "actions and omissions as described above" have deprived Plaintiff "of his constitutional rights to substantive and procedural due process guaranteed by the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. §§ 1981, 1983." (*Id.* at 82.) The Thirteenth Claim goes on to assert Defendants acted "with malice or intent to discriminate … based on race" in engaging in unreasonable use of force, retaliation, an unreasonable search, and Plaintiff's false arrest. (*Id.*) Plaintiff alleges these "arbitrary and capricious actions … have violated Plaintiff's constitutional procedural and substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and have wrongfully discriminated against him by virtue of his race." (*Id.*)

## II.   LEGAL STANDARDS[4]

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure

---

[4] The Court briefly includes the standards for Rules 8(a), 12(b)(6), and 12(f) here because Defendants' Motion lists them (Doc. 77 at 2; Doc. 77-1 at 3–4), however the Motion does

12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues … ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

Federal Rule of Civil Procedure 41(b) permits a defendant to "move to dismiss the action or any claim against it" if a plaintiff fails "to comply with these rules or a court order." However, [d]ismissal is a harsh penalty … imposed only in extreme circumstances." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). District courts are not required to make explicit findings, but they must weigh five factors in considering dismissal for violation of a court order: "(1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy

---

not include arguments applying Rules 8(a) or 12(b)(6) (Doc. 77-1 at 4–6) and only minimally notes striking language (*id.* at 2, 5 n.3).

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Section 1981 states that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

#### A. Parties' Positions

Defendants argue Plaintiff's amendment to the Thirteenth Claim exceeds the scope of leave to amend permitted by the Court. (Doc. 77-1 at 4–6.) They assert Plaintiff was limited to identifying § 1981 as the underlying federal law violated for purposes of repleading his § 1983 claim and the addition of violations of Due Process and Equal Protection under the Fourteenth Amendment constitute new claims the Court did not permit. (*Id.* at 4–5.) In support, Defendants argue that violations of § 1981 and violations of the Fourteenth Amendment are distinct claims, and the leave granted by the Court did not allow Plaintiff to plead his § 1981 claim based on violations of the Fourteenth Amendment. (*Id.* at 5–6.) Defendants characterize the amendment as "substantively transform[ing] [Plaintiff's] [T]hirteenth [C]laim under [§ ] 1983 into a claim for violations of Equal Protection and Due Process under the Fourteenth Amendment." (*Id.* at 5.)

Plaintiff argues he "properly pleads all required elements of a [§] 1983 cause of action to enforce the Defendants' violation of his rights under [§] 1981." (Doc. 85 at 10.) Quoting *Yoshikawa*, he explains that "[t]o bring a [§] 1981 claim, a plaintiff 'must identify

both a substantive right violated under § 1981 and a cause of action.'"  (Doc. 85 at 10 (quoting *Yoshikawa*, 74 F.4th at 1045).)  Plaintiff explains that the substantive rights allegedly violated here include rights under the Fourteenth Amendment.  (Doc. 85 at 10.)  Essentially, Plaintiff argues this is not a new claim because "[p]leading a claim under [§] 1983 to enforce a violation of [§] 1981 requires identification of the substantive rights violated under [§] 1981" and here those substantive rights include his rights under the Fourteenth Amendment.  (Doc. 85 at 10.)

### B.  Analysis

This claim was dismissed because the Ninth Circuit's precedent on § 1981 claims against state actors changed after Plaintiff brought his § 1981 claim.  *See Yoshikawa*, 74 F.4th at 1045–47.  As noted above, the en banc court found there is no implied cause of action against state actors under § 1981 and overruled existing precedent to the contrary.  *Id.* at 1047 ("A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983.").  The Court followed *Yoshikawa* in dismissing Plaintiff's § 1981 claim against state actors.  (Doc. 75 at 36.)

Significantly for purposes of this Motion, the Court also followed *Yoshikawa* in granting Plaintiff leave to amend.  (Doc. 75 at 36, 47.)  In *Yoshikawa*, the Ninth Circuit "[r]emanded with instructions to allow [the plaintiff] to replead his § 1981 claim as a § 1983 claim" rather than construing the § 1981 claim as a § 1983 claim.  74 F.4th at 1047; *see also id.* at 1047 n.7 (explicitly rejecting construing § 1981 claim as § 1983 claim).  The court explained that the plaintiff "likely would have pleaded his § 1983 claim differently if he had known that he lacked a cause of action under § 1981."  *Id.* at 1048.

The Court did caution Plaintiff that this amendment was "limited to adjusting the pleading only as necessary to state a claim under § 1983."  (Doc. 75 at 36 n.21; *see also id.* at 47 (addressing integration of § 1981 claim into § 1983 claim).)  However, this limitation did not mean Plaintiff was only permitted to change the heading from § 1981 to § 1983 as Defendants seem to argue.  (Doc. 87 at 2–3 (arguing Plaintiff should not have included Fourteenth Amendment violations and heading should have been § 1981 after § 1983

instead of equal protection and due process).) This would be comparable to construing Plaintiff's § 1981 claim as a § 1983 claim, which the Ninth Circuit explicitly decided against in *Yoshikawa*. 74 F.4th at 1047 n.7; *see also Bala v. Henrikson*, No. 23-35034, 2024 WL 546349, *2 (9th Cir. Feb. 12, 2024) (finding the plaintiff could not bring a standalone § 1981 claim and "[a]llowing [plaintiff] to replead her § 1981 claim as a § 1983 claim [to] clarify her specific allegations.").

Defendants also assert Plaintiff has impermissibly transformed his § 1981 claim into a new Fourteenth Amendment claim in repleading it under § 1983. (*See* Doc. 77-1 at 5–6; Doc. 87 at 3–4.) However, the Court did not dictate exactly how Plaintiff had to amend. (Doc. 75 at 36, 47). The applicable law changed, and the Ninth Circuit provided guidance that allowing amendment to replead the "claim differently … know[ing] … a cause of action under § 1981" was not available was the proper course. *Yoshikawa*, 74 F.4th at 1048. The Court followed that guidance. Even if the Court concluded Plaintiff's amendment did substantively change his § 1981 claim, that would not necessarily violate the Court's grant of leave to amend to replead it differently given the change in the law.

Additionally, while the claim has changed, Plaintiff continues to rely on § 1981. (TAC ¶ 183 (including both § 1983 and § 1981.) Plaintiff is essentially identifying § 1981 as the "right secured by the laws of the United States [that] was violated" for the first "essential element" for a § 1983 cause of action against state actors. *Long*, 442 F.3d at 1185. Plaintiff repeatedly indicates in his Opposition that the Fourteenth Amendment violations are alleged as the underlying substantive violations of § 1981. (Doc. 85 at 10 ("Pleading a claim under [§] 1983 to enforce *a violation of [§] 1981* requires identification of the substantive rights violated *under [§] 1981*"); *id.* ("A right *secured by [§] 1981* includes Fourteenth Amendment rights"); *id.* at 10–11 (TAC "identifies various violations of [Plaintiff's] rights to equal protection and due process under the Fourteenth Amendment … which is required to state a claim under [§] 1983 for *enforcement of [§] 1981 rights*") (emphasis added.)
///

Although the Court recognizes that the claim is stated differently than it was in the SAC, the Court gave Plaintiff leave to replead it as a § 1983 claim and cannot find the amendment exceeded the scope permitted by the Court. Because Plaintiff's amendment did not violate this Court's order, Defendants' Motion is **DENIED**.[5]

To the extent Defendants are moving to strike allegations of the Thirteenth Claim pursuant to Rule 12(f), that request is also **DENIED**. Defendants identify Rule 12(f) in their Notice of Motion (Doc. 77 at 2) and include one sentence in their Motion regarding striking allegations as immaterial (Doc. 77-1 at 2), but their only argument in favor of it is in a footnote seeking to strike references to Equal Protection, Due Process, and the Fourteenth Amendment as an alternative to dismissing for violation of the Court's order. (*Id.* at 5 n.3.) However, Defendants fail to explain how the allegations are "redundant, immaterial, impertinent, or scandalous" as required to succeed on a motion to strike allegations. Fed. R. Civ. P. 12(f). Particularly given the Court's conclusion that Plaintiff's amendment was within the scope of amendment allowed by the Court, the Court cannot find these allegations are "redundant, immaterial, impertinent, or scandalous" for purposes of striking them under Rule 12(f). Fed. R. Civ. P. 12(f); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("Motions to strike are disfavored and infrequently granted.").

---

[5] Even if the amendment did exceed the scope of leave to amend, dismissing the claim would likely not be justified under Rule 41(b). Dismissal for violation of a court order is a drastic remedy, and here, although neither party meaningfully addresses the applicable factors, none of them would weigh strongly in favor of dismissal. *See Bautista*, 216 F.3d at 841(identifying factors to consider in dismissing for failing to comply with a court order as "(1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."). Other factors—the public interest, the public policy favoring disposition of cases on the merits, and the availability of less drastic sanctions—would weigh against dismissal. *Id.*

## IV. CONCLUSION

Defendants' Motion to Dismiss (Doc. 77) is **DENIED**. Defendant shall file their Answer to the TAC by **February 20, 2025**.[6]

**IT IS SO ORDERED.**

Dated: February 13, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[6] Defendants Motion includes a footnote stating "[s]hould the Court choose to accept Plaintiff's improper filing of a new claim for violation of Plaintiff's Fourteenth Amendment Rights, Defendants reserve the right to move to dismiss this new claim." (Doc. 77-1 at 2 n.1.) Defendants cite no authority for the proposition that they are entitled to move to dismiss this same claim in the TAC twice. To the extent this is intended as a request for leave to do so, that request is **DENIED**. Defendants shall timely file an Answer to the TAC.