1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   LANCE BLACK,                          Case No.:  21-cv-01990-RBM-JLB
12                           Plaintiff,
                                           **ORDER GRANTING IN PART**
13   v.                                    **PLAINTIFF LANCE BLACK'S**
                                           **MOTION TO COMPEL**
14   CITY OF SAN DIEGO, et al.,            **SUPPLEMENTAL RESPONSES TO**
                                           **DISCOVERY**
15                           Defendants.
                                           **[ECF No. 109]**
16
17

18        Before the Court is a motion to compel filed by Plaintiff Lance Black ("Plaintiff").

19   (ECF No. 109.)  Plaintiff moves the court to compel the City of San Diego (the "City") and

20   Officers Ryan Poole, Elizabeth Ortiz, Christina Berg, Amy Buell, Jardin Killinger, Austin

21   Fowler, Kyle Valente, Jonathan Wells, Katherine Jennings, Diego Usma, Jose Rodriguez,

22   and David Burns (collectively, "Police Officer Defendants") (collectively, "Defendants")

23   to provide or to supplement their responses to Requests for Production ("RFP") Nos. 18,

24   19, 22, 26, 33–37, 71–73, and 75–76, propounded to the City; Interrogatory No. 3

25   propounded to the City; and Requests for Admission ("RFA") Nos. 13 and 14 propounded

26   to all Police Officer Defendants.  (*Id*. at 2.)  Defendants filed an opposition (ECF No. 118),

27   and Plaintiff filed a reply (ECF No. 122).  For the reasons stated below, Plaintiff's motion

28   to compel is **GRANTED IN PART**.

## I.    BACKGROUND

### A.    Factual Background

On November 27, 2021, Plaintiff commenced this civil rights action against the City of San Diego, the San Diego Police Department, San Diego County, the San Diego Sheriff's Department, and the Police Officer Defendants. (ECF No. 1.) On March 5, 2024, Plaintiff filed the Third Amended Complaint, the operative complaint, against the City of San Diego and the Police Officer Defendants. (ECF No. 76 ("TAC").) The following allegations are taken from the Third Amended Complaint:

Plaintiff alleges that two police officers stopped him because he is a black man who was driving an expensive car and wearing a nice watch. (TAC ¶¶ 4, 10–13.) Plaintiff alleges the officers then retaliated against him because he demanded to know why he had been stopped. (TAC ¶¶ 14–18.) Many additional officers were called to the scene, who taunted Plaintiff, surrounded his car, forcefully removed Plaintiff from the car, violently threw him to the ground, searched the car, and deleted the cell phone video he took of his interaction with officers. (TAC ¶¶ 21–23, 26–32, 34–36.)

Plaintiff asserts that when Sergeant Berg arrived, she and numerous other officers concocted false charges against Plaintiff to cover up their racially motivated misconduct, including an officer being directed by another officer to shut off their body camera to avoid the officers' meeting being recorded. (TAC ¶¶ 38–40, 49–52.) Plaintiff alleges that officers continued to act with racial animus in commenting on his "attitude," saying he was "lippy," tightening his handcuffs when he complained about his treatment, and falsely stating the handcuffs were stuck and would have to be cut off. (TAC ¶¶ 41–45, 49–50, 60.) Plaintiff was then detained in a police car for three hours while two officers wrote and rewrote their false reports to support charges against Plaintiff and ensure he was not released after booking. (TAC ¶¶ 46–47, 53–55, 59, 62.) Plaintiff was not prosecuted. (TAC ¶¶ 63, 67.)

///

Based on the foregoing, Plaintiff brings the following causes of action: assault, battery, false imprisonment, intentional infliction of emotional distress, trespass to chattels, invasion of privacy, computer fraud and abuse, negligence, violation of Cal. Civil Code § 52.1(a), violation of Cal. Civil Code § 51.7, and violations of 42 U.S.C. § 1983, including false arrest, equal protection and due process violations, excessive force, unreasonable search, retaliation, and *Monell* claims based on official policy and custom and failure to train. (TAC at 46–95.)

### B. Background of the Instant Discovery Disputes

On September 20, 2024, the parties raised two discovery disputes pursuant to Section V.B. of Judge Burkhardt's Civil Chambers Rules. (ECF No. 102.) The Court held an informal Discovery Conference on October 2, 2024, and issued a follow-up minute order summarizing the discussion. (ECF Nos. 103, 104.) At the Discovery Conference, the Court expressed concern about the overbreadth and other deficiencies of certain discovery requests and offered an additional opportunity for the parties to further meet and confer about, *inter alia*, possible modifications to those requests still in dispute. The Court held a follow-up Status Conference on November 22, 2024. (ECF Nos. 104, 106, 107.) The Court thereafter set a briefing schedule for motions seeking to resolve the remaining disputes. (ECF No. 108.)

Plaintiff timely filed the instant motion to compel on December 11, 2024. (ECF No. 109.) Defendants timely filed an opposition on January 3, 2025. (ECF No. 118.) On January 10, 2025, Plaintiff timely filed a reply. (ECF No. 122.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Rule 26(b) requires a district court to "limit the frequency or extent of discovery" if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  "Courts must consider both relevance and proportionality in determining whether the scope of discovery that a party seeks is appropriate."  *BlackBerry Ltd. v. Facebook, Inc*., Case No. CV 18-1844-GW (KSx) 2019 WL 4544425, at *6 (C.D. Cal. Aug. 19, 2019).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

On a motion to compel, the moving party bears the burden of demonstrating relevance, proportionality and other Rule 26 requirements.  *Shared P'ship v. Meta Platforms, Inc*., Case No. 22-cv-02366-RS (RMI), 2023 WL 2526645, at *3 (N.D. Cal. Mar. 14, 2023) (citation omitted).  The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Weinstein v. Katapult Grp*., Inc., No. 21-CV-05175-PJH, 2022 WL 4548798, at *1 (N.D. Cal. Sept. 29, 2022) (internal quotation marks omitted); *Doutherd v. Montesdeoca*, No. 2:17-cv-2225-MCE-EFB, 2018 WL 3008867, at *2 (E.D. Cal. June 15, 2018).

Federal courts recognize a constitutionally based right of privacy that may be asserted in response to discovery requests.  *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995); *Medina v. Cnty. of San Diego*, No. 08CV1252 BAS RBB, 2014 WL 4793026, at *3–4 (S.D. Cal. Sept. 25, 2014).  In resolving privacy objections, courts balance the need for the requested information against the asserted privacy right. *See Soto*, 162 F.R.D. at 616. "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential."  *Id*.; *see also Kelly v. City of San*

4

*Jose*, 114 F.R.D. 653, 660 (N.D. Cal. Feb. 26, 1987). "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Soto*, 162 F.R.D. at 616. "Current case law suggests the privacy interests police officers have in their personnel files do not outweigh plaintiff's interests in civil rights cases." *Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. Aug. 17, 2011) (citing *Soto*, 162 F.R.D. at 617; *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992)). Further, privacy rights can be adequately protected by a "tightly drawn" protective order. *See Kelly*, 114 F.R.D. at 662, 666, 671; *Hampton*, 147 F.R.D. at 231.

"Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976)). To determine whether information in government personnel files is subject to the official information privilege, federal courts weigh the potential benefits of disclosure against the potential disadvantages. *Id.* at 1033–34.

The deliberative process privilege protects "documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated. It was developed to promote frank and independent discussion among those responsible for making governmental decisions, and also to protect against premature disclosure of proposed agency policies or decisions." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citations omitted); *see also Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 979 (9th Cir. 2009) (the purpose of the deliberative process privilege is to allow agencies to freely "explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny."). In order to assert the privilege, an agency must show that the information sought is both (1) pre-decisional, and (2) deliberative. *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). The deliberative process privilege is not absolute, and even if the privilege applies, "[a] litigant may obtain deliberative materials if his or her

need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161.

## III.  DISCUSSION

### A.    Requests for Production to the City

Plaintiff seeks an order compelling the City to respond or to provide a supplemental response to RFP Nos. 18, 19, 22, 26, 33–37, 71–73, and 75–76, as well as interrogatory No. 3.  (ECF No. 109 at 2.)  The City did not produce any documents responsive to RFP Nos. 18, 19, 22, 26, 33–35, 37, 71–73, and 75–76.  (*Id.* at 4.)  The City produced a privilege log appearing to contain documents responsive RFP Nos. 33, 35, 71, 73, and 76.  (*Id.*)  The Court has considered the parties' arguments and addresses each individual request in the chart below.  A more detailed assessment of the official information privilege, where applicable, is set forth in the discussion following the chart.

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| **No. 18:** Verdicts, settlements, and results of litigation involving the San Diego Police Department for 2016-2021. | Objection.  This request is impermissibly overbroad, oppressive, and unduly burdensome.  This request calls for information that is irrelevant to the subject matter of this action and is proportional to the needs of the case.  This request calls for information that is equally | The Court sustains the City's objection.  This RFP is impermissibly overbroad, unduly burdensome, and calls for information that is not relevant and is not proportional to the needs of the case.  This request is not limited to similar excessive force cases, or even civil rights cases more broadly, but instead encompasses all |

---

[1]    Any objections not addressed in Defendants' oppositions are considered waived and will not be addressed.  *See SolarCity Corp. v. Doria*, No. 16cv3085-JAH (RBB), 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018) ("If a party fails to continue to assert an objection in opposition to a motion to compel, courts deem the objection waived.").  Conversely, any objections argued in the opposition but not raised in the discovery responses have been waived and will not be addressed.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | available to the requesting party.[2] | litigation to include such things as employment law and workers compensation matters. A narrower version of this request might be appropriate, but that request is not before the Court.[3] The Court need not reach the issue of privilege. **DENIED.** |
| **No. 19:** Documents of training and communications resulting from verdicts, settlements, and results of litigation involving the San Diego Police Department for 2016-2021. | Objection. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request is incomprehensible as phrased. This request is vague and ambiguous as to "resulting from". This request seeks documents protected by the Deliberative Process privilege[4]. This request | The Court sustains the City's objection. This RFP is impermissibly overbroad, unduly burdensome, and calls for information that is not relevant and is not proportional to the needs of the case. Like No. 18, it is not limited to similar excessive force cases. It is also overbroad and burdensome in that it requests, without limitation or clarification, all "communications" "resulting from" all litigation involving |

---

[3] Where, as here, the propounding party chose not to narrow the discovery requests after an informal discovery conference where the Court expressed concern about overbreadth, the Court declines to then rewrite the requests for the propounding party rather than sustaining the objection in toto. "It is within the discretion of a court ruling on a motion to compel to narrow the requests rather than sustain the responding party's objections to them in toto." *Green v. Baca*, 219 F.R.D. 485, 490 (C.D. Cal. 2003); *see also Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, No. 06cv881 IEG (POR), 2006 WL 8455613, at *1 (S.D. Cal. July 26, 2006) (finding the magistrate judge was not required to narrow an overbroad discovery request); *Borenstein v. Animal Found.*, No. 2:19-cv-00985-CDS-NJK, 2022 WL 3647910, at *3 (D. Nev. Aug. 24, 2022) (declining "to act as [p]laintiff's counsel to draft an appropriately tailored interrogatory for him").

[4] In their discovery responses and in their opposition, Defendants assert the deliberative process privilege as to RFP Nos. 19, 22, and 26 propounded to the City and

| RFP | City Response[1] | Court's Ruling |
|-----|------------------|----------------|
| | invades the attorney client and attorney work product privileges. | the police department. A narrower version of this request might be appropriate, but that request is not before the Court. The Court need not reach the issue of privilege. **DENIED.** |
| **No. 22:** All communications from the San Diego Police Department from 2016-2021 concerning outstanding litigation, the results of such litigation, and training following such litigation.<br><br>"Communications" means text message, letter, email, direct message, social media post, video recording, audio recording or other writing, recording, or photograph intended to communicate a message, thought, idea, directive or other communicative message. "Writing," "recording," and "photograph," are defined according to Evid. 1001. | Objection. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request is incomprehensible as phrased. This request invades the attorney client and attorney work product privileges. This request seeks documents protected by the Deliberative Process privilege. This request invades the personal and fundamental right of privacy of individuals not parties or witnesses to the present lawsuit in contravention of the Federal right to privacy (5 U.S.C. § 552), the United States Constitution, and Section 1 of Article I of the | The Court sustains the City's objection. For reasons similar to Nos. 18 and 19, this RFP is impermissibly overbroad, unduly burdensome, and calls for information that is not relevant and is not proportional to the needs of the case. A narrower version of this request might be appropriate, but that request is not before the Court. The Court need not reach the issue of privilege. **DENIED.** |

---

RFP Nos. 71–73 propounded to Defendant Killinger. (ECF No. 118 at 8.) Defendants also argue in their opposition that the deliberative process privilege applies to RFP No. 18, but the City did not make this objection in its discovery response, and therefore it has been waived. (ECF No. 109 at 67.)) Because the Court sustains the City's other objections as to RFP Nos. 19, 22, 26, and 71–73, the Court need not analyze the deliberative process privilege in this Order.

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | California Constitution. C.C. § 1798.1. | |
| **No. 26:** Training programs developed based on the verdicts and case resolutions of litigation, including those specified in TAC, para. 137, including course syllabus, attendance logs, training material, and test results following such training. | Objection. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request seeks documents protected by the Deliberative Process privilege. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request is incomprehensible as phrased. unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant responds: After a diligent search and reasonable inquiry, Defendant has no responsive documents in its possession, custody, or control. | The City responded that after a diligent search and reasonable inquiry, it has no responsive documents in its possession, custody, or control. Therefore, there is nothing to compel. The Court need not reach the issue of privilege. **DENIED.** |
| **No. 33:** Personnel files of all DEFENDANT POLICE OFFICERS | Objection. This request is vague and ambiguous as to "personnel files." This request seeks documents protected by the Deliberative Process privilege and the Executive and Official Information Privileges. This request also seeks to ascertain protected information from police files in violation of state law, California Penal Code sections 832.5 and 832.7 and California Vehicle | Plaintiff argues that these documents are relevant to his *Monell* claims. (ECF No. 109 at 3.) In his TAC, Plaintiff brings a *Monell* claim based on allegations that the City "had longstanding official policies and customs" that could be reasonably interpreted to authorize and approve the allegedly wrongful conduct of the Defendant Police Officers. (TAC ¶ 226.) |

9

| RFP | City Response[1] | Court's Ruling |
|-----|-----------------|----------------|
| | Code section 1808.2. Please see the attached Declarations. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case.<br><br>Subject to and without waiving the foregoing objections, Defendant responds: Defendant will produce performance evaluations from 2016-2021, Formal discipline, | Plaintiff also brings a *Monell* claim based on the City's failure to train, alleging that the City "has a training program inadequate to train its employees." (TAC ¶ 235.) Plaintiff alleges the City was aware of its failure "because of a pattern of similar violations, the prior lawsuits and sustained Internal Affairs investigations." (TAC ¶ 236.)<br><br>Defendant argues that the request is not limited in time and the personnel files are protected by the official information privilege and contain private information. (ECF No. 118 at 3.) The City produced certain categories of records[5] of Officers Poole, Ortiz, Killinger, Wells, Valente, and Fowler due to |

[5]     Specifically, for all Police Officer Defendants, the City has produced all training records, including their POST trainings and SDPD trainings. (ECF No. 118-1 at 2–3.) For six of the Police Officer Defendants, the City has produced performance evaluations from 2016-2021, formal discipline, reprimands/suspensions, disciplinary transfers, findings of the Civil Service Commission, certificates and awards, formal commendations, and terminations (to the extent any of those exist). (*Id.*) Plaintiff does not argue that additional portions of these personnel files should have been produced (other than the application and hiring materials for Officer Jardin Killinger specifically requested in RFP Nos. 72, 73, and 75). Rather, Plaintiff asserts the personnel file materials of the other officers should also be produced. ECF No. 109 at 8 ("In response to RFP 33, the City produced personnel files for only six of the Police Officer Defendants, Poole, Ortiz, Killinger, Wells, Valente, and Fowler. Based on the foregoing, the City should produce all personnel files requested.") Therefore, the Court limits its analysis to whether the same categories of documents from the personnel files should be produced as to the remaining officers.

| RFP | City Response[1] | Court's Ruling |
|-----|------------------|----------------|
| | Reprimands/Suspension, Disciplinary transfers, Findings of the Civil Service Commission, Certificates and awards, Formal Commendations, and Terminations with supporting documents (to the extent any of those records exist) for Officers Poole, Ortiz, Killinger, Wells, Valente, and Fowler. | their specific involvement in the incident.  (*Id.* at 5.)  The City also produced all officers' POST and SDPD training records.  (*Id.*)  The Court has considered the official information privilege (see below).  The Court finds that Plaintiff has established the relevance of the personnel records of the Police Officer Defendants to his *Monell* claims.  The City has not adequately justified the distinction it draws between producing documents from the personnel files of the six identified Police Officer Defendants and the others.  Balancing the interests at issue, including relevant privileges and privacy issues, the Court overrules the objections and finds that the City must produce the same categories of personnel records from for the remaining Police Officer Defendants.  The City may redact personal information, including home addresses, phone numbers, personal and family data, emergency contacts, and DMV records, as well as any health-related information.  Further, these documents may be designated For Counsel Only.  (See discussion of modification to Protective Order below.)  **GRANTED IN PART.** |

21-cv-01990-RBM-JLB

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| **No. 34:** Use of force incident reports for all DEFENDANT POLICE OFFICERS. | Objection. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is vague and ambiguous as to "use of force incident reports." This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request seeks documents, the release of which, may violate Government Code sections 6254, 7923.600, 7927.200, 7922.000, 7927.700. | Plaintiff argues that this request is relevant to his *Monell* claims, as well as towards the Police Officer Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident admissible under Fed. R. Evid. 404(b)(2). (ECF No. 109 at 3.)

The City argues that the request is not limited in time, multiple named officers did not use any force against Plaintiff and have been with the SDPD for over 10 years, and that the definition of "use of force" includes many types of force irrelevant to this case. (ECF No. 118 at 5–6.) The City does not address how many documents are responsive or how burdensome it would be to find and produce them.

The Court finds use of force incident reports from 2016-2021 for the Police Officer Defendants to be relevant and proportional to the needs of the case and must be produced. The Court finds that privacy concerns can be adequately protected by designating them For Counsel Only (see discussion of modification to Protective Order below) and redacting non-party personal |

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | | information. **GRANTED IN PART**. The City must produce responsive documents for the time period 2016-2021. |
| **No. 35:** Prior Complaints against all DEFENDANT POLICE OFFICERS, whether citizen initiated or officer initiated from 2016-2021. | Objection. This request seeks documents protected by the Executive and Official Information Privileges and will not be produced. Please see Declaration of Captain Peterson. This request also seeks to ascertain protected information from police files in violation of state law, California Penal Code sections 832.5 and 832.7 and California Vehicle Code section 1808.2. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. | Plaintiff argues that this request is relevant to notice of policies giving rise to his *Monell* claims, as well as towards the individual Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident admissible under Fed. R. Evid. 404(b)(2). (ECF No. 109 at 3.)<br><br>The City acknowledges that internal affairs investigations involving claims of sufficiently similar misconduct may be relevant, but argues that the request is overbroad. (ECF No. 118 at 6.) The City reviewed all internal affairs complaints and investigations for all named officers from 2016 to 2021 and produced only one that it determined was relevant. (ECF Nos. 109 at 8, 118-1 ¶ 8.)<br><br>The Court has considered the official information privilege (see below) and reviewed the summaries of the complaints identified by the City and finds that the City shall produce, to the extent it has |

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | | not already, the following complaints, which involve allegations of excessive use of force, racial discrimination/profiling, or dishonesty (1) COSD 1659-1736, a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2019-0778; (2) COSD 1818-1867, a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2021-0469; (3) COSD 1868-1897, a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2021-0146; (4) COSD 1900-1901, a City of San Diego Memorandum re Informal Complaint, Internal Affairs Investigation #2020-0155; (5) COSD 1902, a City of San Diego Memorandum re Informal Complaint, Internal Affairs Investigation #2018-0313; (6) COSD 1954-1979 is a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2018-0050; (7) COSD 1982-2008 is a City of San Diego Memorandum re Informal Complaint, Internal Affairs Investigation #2018-0312; and (8) COSD 2013-2040 is a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2021-0545. |

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | | The City may designate these documents For Counsel Only (see discussion of modification to Protective Order below) and may redact the documents to protect the privacy of non-parties. **GRANTED IN PART**. |
| **No. 36:** DOCUMENTS memorializing Internal Affairs investigations as to the DEFENDANT POLICE OFFICERS from 2016-2021. | Objection. This request seeks documents protected by the Executive and Official Information Privileges and will not be produced. Please see Declaration of Captain Peterson. This request also seeks to ascertain protected information from police files in violation of state law, California Penal Code sections 832.5 and 832.7 and California Vehicle Code section 1808.2. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the | The Court has considered the official information privilege (see below) and reviewed the summaries of the Internal Affairs investigations[6] identified by the City and finds that the City shall produce, to the extent it has not already, documents memorializing the following Internal Affairs investigations, which involve allegations of excessive use of force, racial discrimination/profiling, or dishonesty (1) COSD 1659-1736, a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2019-0778; (2) COSD 1818-1867, a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2021-0469; (3) COSD 1868-1897, a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2021-0146; (4) |

---

[6] The City does not distinguish between the request for prior complaints (RFP No. 35) and the request for documents memorializing Internal Affairs investigations (RFP No. 36). (ECF No. 118 at 3.) Therefore, the Court analyzes them the same.

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | needs of the case. Subject to and without waiving the foregoing objections, Defendant responds: Defendant will produce only IA investigation 2020-478. | COSD 1900-1901, a City of San Diego Memorandum re Informal Complaint, Internal Affairs Investigation #2020-0155; (5) COSD 1902, a City of San Diego Memorandum re Informal Complaint, Internal Affairs Investigation #2018-0313; (6) COSD 1954-1979 is a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2018-0050; (7) COSD 1982-2008 is a City of San Diego Memorandum re Informal Complaint, Internal Affairs Investigation #2018-0312; and (8) COSD 2013-2040 is a San Diego Police Department Investigator's Report, Internal Affairs Investigation #2021-0545.<br><br>The City may designate these documents For Counsel Only (see discussion of modification to Protective Order below) and may redact the documents to protect the privacy of non-parties. **GRANTED IN PART**. |
| **No. 37**: Claims submitted to the City of San Diego involving the DEFENDANT POLICE OFFICERS from 2016-2021. | Objection. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. | Plaintiff argues that this request is relevant to notice of policies giving rise to his *Monell* claims, as well as towards the individual Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident admissible under Fed. R. Evid. |

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | | 404(b)(2).  (ECF No. 109 at 3.)<br><br>The City argues that the request is vastly overbroad and that claims submitted to the City's Risk Management Department are not categorized by individual employee.  (ECF No. 118 at 6.)<br><br>The Court sustains the City's objection.  This request is not limited to similar excessive force cases, or even civil rights cases more broadly, but instead encompasses all claims to include such things as car accidents or property damage resulting from the execution of a search warrant.  This RFP is impermissibly overbroad, unduly burdensome, and calls for information that is not relevant and is not proportional to the needs of the case.  A narrower version of this request might be appropriate, but that request is not before the Court.  **DENIED.** |
| **No. 71:** Jardin Killinger's application material for employment with the San Diego Police Department, | Objection. This request is vague and ambiguous as to "application material". This request seeks documents protected by the Deliberative Process Privilege and Executive and Official Information Privileges and will not be produced. Please see the attached Declarations. | Plaintiff argues this request is relevant to his *Monell* claims, particularly with respect to Jardin Killinger, citing TAC ¶ 153.  (ECF No. 109 at 3.)  In his reply, Plaintiff clarifies this request is relevant to the City's "policy or custom of hiring unqualified individuals as police officers, and once |

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | This request also seeks to ascertain protected information from police files in violation of state law, California Penal Code sections 832.5 and 832.7 and California Vehicle Code section 1808.2. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. | hired, fail[ing] to adequately train them, despite knowledge of their lack of qualifications or existence of only marginal qualifications."  (ECF No. 122 at 4.)<br><br>The City argues that application material and background records may be relevant to a *Monell* claim for inadequate screening and hiring, but Plaintiff's *Monell* claims are not based on screening and hiring.  (ECF No. 118 at 6–7.)<br><br>The Court sustains the City's objection.  Plaintiff has not established the relevance of the requested information. Plaintiff initially cites ¶ 153 of the TAC which relates to a dismissed cause of action and has not established that this request is relevant to his other *Monell* claims.  The Court need not reach the issues of privacy and privilege. **DENIED.** |
| **No. 72:** The reports regarding Jardin Killinger's psychological evaluation conducted according to 11 CCR 1955. | Objection. This request is vague and ambiguous as to "application material".  This request seeks documents protected by the Deliberative Process Privilege and Executive and Official Information Privileges and will not be produced. Please see the attached Declarations. This request also seeks to ascertain protected information from police files | For the reasons set forth as to RFP No. 71, **DENIED.** |

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | in violation of state law, California Penal Code sections 832.5 and 832.7 and California Vehicle Code section 1808.2. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request seeks documents protected by the psychotherapist-patient privilege. | |
| **No. 73:** The reports regarding Jardin Killinger's background evaluation conducted according to 11CCR 1953. | Objection. This request is vague and ambiguous as to "application material". This request seeks documents protected by the Deliberative Process Privilege and Executive and Official Information Privileges and will not be produced. Please see the attached Declarations. This request also seeks to ascertain protected information from police files in violation of state law, California Penal Code sections 832.5 and 832.7 and California Vehicle Code section 1808.2. This request seeks to invade the right to privacy of individuals under the Federal right to privacy (5 | For the reasons set forth as to RFP No. 71, **DENIED**. |

19

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | U.S.C. section 552) and the California Constitution, Art. I, section 1. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. | |
| **No. 75:** All use of force reports executed by Officer Jardin Killinger. | Objection. This request is vague and ambiguous as to the term "use of force". This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request invades the personal and fundamental right of privacy of individuals not parties or witnesses to the present | For the reasons set forth as to RFP No. 34,[7] **GRANTED IN PART.** The City must produce responsive documents for 2016-2021. The City may designate these documents For Counsel Only (see discussion of modification to Protective Order below) and may redact the documents to protect the privacy of non-parties. |

---

[7]    The City lists RFP No. 75, along with others, as being protected by the official information privilege and deliberative process privilege in the section of its opposition captioned "Discovery Requests at Issue," but does not include this RFP in the sections specifically addressing the official information privilege or deliberative process privilege. (ECF No. 118 at 3–4, 7–8.) While the declarations of Captain Anthony Dupree regarding officer backgrounds (ECF No. 109, Ex. D), Captain Jeffrey Peterson regarding Internal Affairs records (*id.*, Ex. C), and Sylvia Satrom regarding officer personnel files (*id.*, Ex. B) list specific RFPs, none of them reference RFP No. 75. Most importantly, however, the City did not object to RFP No. 75 on the bases of the official information privilege or deliberative process privilege in its response to the RFP. (ECF No. 109 at 77.) Therefore, the objections are waived. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 669 ("A party that receives a discovery request that would reach material that it believes is covered by the official information privilege must, within the time permitted by rule to respond or object, serve and file an objection that invokes the official privilege by name.").

| RFP | City Response[1] | Court's Ruling |
|---|---|---|
| | lawsuit in contravention of the Federal right to privacy (5 U.S.C. § 552), the United States Constitution, and Section 1 of Article I of the California Constitution. C.C. § 1798.1. This request seeks documents, the release of which, may violate Government Code sections 6254, 7923.600, 7927.200, 7922.000, 7927.700. | |
| **No. 76:** All body worn camera video footage related to the matter of *Hussein v. City of San Diego, et al.*, 23CV0520 TWR DEB (filed 3/23/23 in the Southern District) | Objection. This request is impermissibly overbroad, oppressive, and unduly burdensome. This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case. This request invades the personal and fundamental right of privacy of individuals not parties or witnesses to the present lawsuit in contravention of the Federal right to privacy (5 U.S.C. § 552), the United States Constitution, and Section 1 of Article I of the California Constitution. C.C. § 1798.1. | Plaintiff argues this request is relevant to his *Monell* claims, particularly with respect to Jardin Killinger, citing TAC ¶ 153.  Plaintiff argues that Defendant Killinger was the primary antagonist in the incident involved in that lawsuit, which alleged he pointed a firearm at a pedestrian.

The City argues this was a dissimilar incident occurring over a year after the subject incident.  (ECF No. 118 at 4.)

The Court sustains the City's objection.  Plaintiff has not addressed why an incident that occurred-one-and-a-half years after the event at issue in this litigation is material to the adequacy of the City's policies and training that resulted in the officers conducting themselves as they did with Plaintiff. Moreover, the Hussein matter is factually dissimilar from the instant case.  For these |

| RFP | City Response[1] | Court's Ruling |
|-----|------------------|----------------|
|  |  | reasons, the Court finds the privacy interests of Defendant and third parties outweigh Plaintiff's need for the discovery. **DENIED**. |

### 1. Official Information Privilege

The City asserts in its response to the requests for production of documents and its opposition to this motion the official information privilege as to the following RFPs.

**RFP No. 33**: Personnel files of all DEFENDANT POLICE OFFICERS

**RFP No. 35**: Prior Complaints against all DEFENDANT POLICE OFFICERS, whether citizen initiated or officer initiated from 2016-2021.

**RFP No. 36:** DOCUMENTS memorializing Internal Affairs investigations as to the DEFENDANT POLICE OFFICERS from 2016-2021.

(ECF Nos. 109 at 71–74; 118 at 7–8.)

"Federal common law recognizes a qualified privilege for official information." *Sanchez*, 936 F.2d , at 1033  (citing *Kerr* , 511 F.2d , at198)  The party asserting the privilege has the initial burden of proving the applicability of the privilege. *See Kelly*, 114 F.R.D. at 669–71; *see also Hampton*, 147 F.R.D. at 230 ("Through this opinion, this court is hereby joining the Northern District's and Central District's procedures outlined in *Kelly* and *Miller* for invoking the official information privilege"); *Stewart v. City of San Diego*, No. 09CV844-IEG WMC, 2010 WL 4909630, at *1–2 (S.D. Cal. Nov. 24, 2010)(applying *Kelly*).

"In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Soto*, 162 F.R.D., at 613  (citing *Kelly* , 114 F.R.D. at 660).  However, before

a court engages in this balancing of interests, the party asserting the privilege must first make a "substantial threshold showing." *Id*. (quoting *Kelly*, 114 F.R.D. at 669). Specifically, the party asserting the privilege must provide a declaration or affidavit including:

> "(1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made."

*Id*. (quoting *Kelly,* 114 F.R.D. at 670).

In its opposition, the City argues that it has met the requisite threshold showing through the declarations of Captain Anthony Dupree, Captain Jeffrey, and Sylvia Satrom, which were attached to its discovery responses. (ECF No. 118 at 7 (citing ECF No. 109, Exs. B, C, D).)  Ms. Satrom, the Deputy Director of Police Human Resources, addresses the personnel files responsive to RFP No. 33,  (ECF No. 109 at 42–45),  Captain Peterson, the Captain overseeing the Internal Affairs Unit, addresses the Internal Affairs records responsive to RFP Nos. 35 and 36,  (*Id*. at 47–54), and  Captain Dupree, the Captain overseeing the Backgrounds and Recruiting Unit, addresses officer job applications and background investigation records responsive to RFP Nos. 71–73  (*Id*. at 57–59).  In his reply, Plaintiff argues that the declarations do not include required information such as (1) an affirmation that the "SDPD 'generated or collected' the material requested"; (2) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm and instead "describe[s] why the *existing* protective order may be inadequate"; and (3) a projection of how much harm would be done to the threatened interests if disclosure were made.  (ECF No. 122 at 3.)

///

In her declaration, Ms. Satrom states:

> I personally reviewed the protective order entered in this case. Disclosure of the records identified above pursuant to the protective order would still create a substantial risk of harm to the significant governmental and privacy interests identified above. First, members of the public may be less forthcoming and willing to provide information to investigating officers conducting background checks if they know they may be contacted by attorneys and investigators for any Plaintiff involved in a lawsuit. In addition, disclosure pursuant to a protective order is the first step toward public disclosure. I have been informed that Plaintiff Lance Black and his counsel have been in contact with media outlets related to this case and have regularly expressed an intent to dissolve the protective order or ask the Court to order documents subject to the protective order released from the order.

(ECF No. 109 at 45.)

Captain Peterson similarly states in his declaration:

> I personally reviewed the protective order entered in this case. Disclosure of the records identified above pursuant to the protective order would still create a substantial risk of harm to the significant governmental and privacy interests identified above. First, police officers and members of the public may be less forthcoming and willing to report misconduct if they know they may be contacted by attorneys and investigators for any Plaintiff involved in a lawsuit. In addition, disclosure pursuant to a protective order is the first step toward public disclosure. I have been informed that Plaintiff Lance Black and his counsel have been in contact with media outlets related to this case and have regularly expressed an intent to dissolve the protective order or ask the Court to order documents subject to the protective order released from the order.

(*Id*. at 53.)

Captain Dupree further similarly asserts in his declaration:

> I personally reviewed the protective order entered in this case. Disclosure of the records identified above pursuant to the protective order would still create a substantial risk of harm to the significant governmental and privacy interests identified above. First, members of the public may be less forthcoming and willing to provide information to investigating officers conducting background checks if they know they may be contacted by attorneys and investigators for any Plaintiff involved in a lawsuit. In addition, disclosure pursuant to a protective order is the first step toward public

disclosure. I have been informed that Plaintiff Lance Black and his counsel have been in contact with media outlets related to this case and have regularly expressed an intent to dissolve the protective order or ask the Court to order documents subject to the protective order released from the order.

(*Id.* at 59.)

The Court finds that the declarations do not meet the fourth threshold factor set forth in *Kelly*, which requires a party asserting the privilege to describe how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests.  114 F.R.D. at 613.  Courts have found that declarations that lack case-specific information and amount to only general assertions do not meet the fourth factor under *Kelly*. *See Soto*, 162 F.R.D. at 621; *Miller*, 141 F.R.D. at 300–01; *Kelly*, 114 F.R.D. at 672; *see also Villa v. Cnty. of San Diego*, No. 20cv537-CAB (NLS), 2021 WL 242981, at *3 (S.D. Cal. Jan. 25, 2021) ("The identified interests and harms are ones that apply to disclosure of any Internal Affairs or personnel files.  There is nothing specific as to the information in any of [the officer's] specific files.").  The declarations assert that members of the public and police officers may be less forthcoming but do not explain why those privacy concerns cannot be addressed with a protective order.  The use of a carefully drafted protective order is a tool often employed by courts in these types of cases and would substantially reduce Defendants' confidentiality concerns.  *See Soto,* 162 F.R.D. at 614.

The declarations also state that Ms. Satrom, Captain Dupree, and Captain Peterson, "have been informed that Plaintiff Lance Black and his counsel have been in contact with media outlets related to this case and have regularly expressed an intent to dissolve the protective order or ask the Court to order documents subject to the protective order released from the order."  (ECF No. 109 at 45, 53, 59.)  Again, this is a concern that the Court finds can be adequately addressed by redaction of personal information and a robust protective order.

The current Protective Order in this case does not provide for designating documents "For Counsel Only."  In consideration of the privilege and privacy issues identified by

Defendants and supported by declarations, the Court modifies the Protective Order in the case to provide for a "Confidential – For Counsel Only" designation.  A modified Protective Order will be docketed along with this Order.

Even had the City met its burden as to official information privilege, the Court would still find, balancing the interests at issue, that the documents should be produced as set forth in the chart above.  Accordingly, the Court **OVERRULES** Defendants' objections based on official information privilege as to RFP Nos. 33, 35, and 36.

### B.    Interrogatory No. 3 to the City

Next, Plaintiff seeks an order compelling the City to respond to interrogatory No. 3. (ECF No. 109 at 2.)  Interrogatory  No. 3 states:

> List all arrests made by Defendant Jardin Killinger from 2016-202[1][8] by name of person arrested, race of person arrested, jurisdiction, date, offense, CAD Event No., and Case No.

(*Id.* at 82.)  The City responded as follows:

> Objection. This interrogatory is vague and ambiguous as to the timeframe "2016-202", as it requires responding party to speculate regarding what the end date of the requested time frame is.  This interrogatory is impermissibly overbroad, oppressive, and unduly burdensome.  In addition, this interrogatory calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of the case.  This interrogatory invades the personal and fundamental right of privacy of individuals not parties or witnesses to the present lawsuit in contravention of the Federal right to privacy (5 U.S.C. § 552), the United States Constitution, and Section 1 of Article I of the California Constitution. C.C. § 1798.1.

(*Id.*)

Plaintiff argues that this interrogatory is relevant to his *Monell* claims and Defendant Killinger in particular, citing paragraph 153 of the TAC.  (*Id.* at 3.)  As previously stated,

---

[8]    Plaintiff clarified for the City during the informal discovery conference that this interrogatory should be interpreted as stating, "from 2016–2021." (ECF No. 109 at 5.)

paragraph 153 relates to a dismissed *Monell* claim.  Moreover, Defendant Killinger is not the arresting officer in this case.  (*See* ECF No. 118 at 7.)  The Court sustains the City's objection.  Plaintiff has not established the relevance of the interrogatory.  Moreover, the interrogatory is overbroad and not proportional to the needs of this case. A narrower version of this request might be appropriate, but that request is not before the Court.  The Court need not reach the issue of privacy.  Accordingly, Plaintiff's motion to compel the City to respond to interrogatory  No. 3 is **DENIED**.

### C.    Request for Admission Nos. 13 and 14 to the Police Officer Defendants

Plaintiff further seeks an order compelling the Police Officer Defendants to respond to RFA Nos. 13 and 14.  (ECF No. 109 at 2.)  RFA Nos. 13 and 14 state:

> **No. 13:** Admit that you have never been investigated by internal affairs or their chain of command for any use of force incident.

> **No. 14:** Admit that you have never received any formal or informal discipline, reprimand, suspension, or additional training for any use of force incident.

(*See id.* at 85–143.)  The Police Officer Defendants did not answer the RFAs and asserted the following objection:

> Objection.  This request is vague and ambiguous as to the terms "you" and "force" and the phrase "for any use of force incident" which are not defined. This request calls for information protected under California Penal Code § 832.7(a).  Litigants may not obtain information that is in a police officer's personnel records except through the method provided for in Evidence Code § 1043.  This request seeks information protected by the Executive and Official Information Privileges.  This request is impermissibly overbroad, oppressive, and unduly burdensome.  This request calls for information that is irrelevant to the subject matter of this action and is not proportional to the needs of this case.  This request seeks private personnel information.

(*See id.*)

Plaintiff argues that these RFAs are relevant to his *Monell* claims against the City. (*Id.* at 4.)  He further argues that "[t]here are no standards imposed and enforced by the City . . . as to abuses of use of force."  (*Id.*)  In response, Defendants argue that these RFAs

are not limited by time or by the definition of "force." (ECF No. 118 at 4.) Defendants further argue the RFAs seek information protected by the official information privilege and contain private information. (*Id.*) The City also notes that it produced personnel files, including discipline records, of multiple officers. (*Id.*)

The Court finds that RFA Nos. 13 and 14 seek relevant information and are proportional to the needs of the case. The RFAs are not overly broad because the requests are limited to the official actions of Internal Affairs or the City. The official information privilege objection is overruled for the reasons set forth above in addressing RFP Nos. 33, 35, and 36. In addition, "The contention that the doctrine of governmental privilege precludes disclosure of personnel records, whether or not established in California state courts, is not the law of this circuit." *Green v. Baca*, 226 F.R.D. 624, 643–644 (C.D. Cal. 2005) (citation omitted); *see also Breed v. United States District Court*, 542 F.2d 1114, 1115 (9th Cir. 1976) ("The scope of an evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of federal law. [Citation.] State law may provide a useful referent, but it is not controlling.") The Court finds that there are no overriding privacy concerns implicated in admitting or denying whether the Police Officer Defendants have been investigated by internal affairs or their chain of command for any use of force incidence, or whether the Police Officer Defendants have received any formal or informal discipline, reprimand, suspension, or additional training for any use of force incident. Accordingly, Plaintiff's motion to compel the Police Officer Defendants to amend their responses to RFA Nos. 13 and 14 is **GRANTED.**

///

///

///

///

///

///

///

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion to compel.  Defendants shall provide supplemental responses, as set forth above, within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  March 28, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

21-cv-01990-RBM-JLB