UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BLACK,<br><br>                          Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                         Defendants. | Case No.: 21-cv-01990-RBM-JLB<br><br>**ORDER GRANTING DEFENDANT ALYSSA TUTEROW'S MOTION FOR RELIEF FROM WAIVER AND FOR LEAVE TO WITHDRAW, AMEND AND SUBSTANTIVELY RESPOND TO REQUESTS FOR ADMISSION**<br><br>**[ECF No. 114]** |

      Before the Court is Defendant Alyssa Tutterow's ("Defendant Tutterow") Motion for Relief from Waiver and for Leave to Withdraw, Amend and Substantively Respond to Requests for Admissions. (ECF No. 114.) Defendant Tutterow moves the court for "relief from any inadvertent waiver that might otherwise be deemed to have resulted from the timing of [Defendant Tutterow's] responses to discovery propounded by Plaintiff," as well as "an order to withdraw any deemed admissions to Requests for Admission." (ECF No. 114-1 at 6.) Plaintiff Lance Black ("Plaintiff") filed an opposition (ECF No. 121), and

Defendant Tutterow filed a reply (ECF No. 127). For the reasons stated below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

On November 27, 2021, Plaintiff commenced this civil rights action against the City of San Diego, San Diego Police Department, San Diego County, the San Diego Sherriff's Department, and a number of individual officers ("Officer Defendants"). (ECF No. 1.) On March 5, 2024, Plaintiff filed the operative complaint, the Third Amended Complaint, against the City of San Diego and the Officer Defendants. (ECF No. 76 ("TAC").) The TAC contains the following causes of action: assault, battery, false imprisonment, intentional infliction of emotional distress, trespass to chattels, invasion of privacy, computer fraud and abuse, negligence, violation of Cal. Civil Code § 52.1(a), violation of Cal. Civil Code § 51.7, violations of 42 U.S.C. § 1983, including false arrest, equal protection and due process, excessive force, unreasonable search, retaliation, and *Monell* claims based on official policy and custom and failure to train. (TAC at 46–95.)

### B. Background of Instant Motion

On June 17, 2024, Plaintiff propounded interrogatories, requests for production ("RFP"), and requests for admission ("RFA") on all Officer Defendants, including Defendant Tutterow. (ECF No. 114-1 at 1.) The deadline for the responses was August 7, 2024. (*Id*.) On July 30, 2024, Jacqueline McQuarrie, who was counsel for all defendants at that time, emailed Plaintiff's counsel, Scott A. McMillan, informing him that there was a conflict preventing her from representing Defendant Tutterow. (ECF Nos. 114-1 at 1–2; 121 at 2; *see also* Declaration of William C. Pate, ECF No. 126 ("Pate Decl.") ¶ 5.) Due to the conflict of interest, Ms. McQuarrie was not able to confer directly with Defendant Tutterow to provide discovery responses. (ECF No. 114-1 at 2.) Ms. McQuarrie also informed Mr. McMillan that Devaney Pate Morris & Cameron, LLP would be substituting in and that a discovery extension would be needed to allow the newly retained counsel time to coordinate responses with Defendant Tutterow. (ECF Nos. 114-1

at 1–2; 121 at 2; Pate Decl. ¶ 5.)  Mr. McMillan states that he did not deny or grant an extension and instead did not respond at all because he lost sight of the email.  (ECF No. 121 at 2; Declaration of Scott A. McMillan, ECF No. 121-1 ("McMillan Decl.") ¶ 3.)  There was no follow-up correspondence from Devaney Pate Morris & Cameron, LLP or the City Attorney's Office.  (ECF No. 121 at 2–3; McMillan Decl. ¶ 3)

On September 6, 2024, the Court granted Defendant Tutterow's Motion for Approval of Substitution of Counsel to substitute William C. Pate for Jacqueline McQuarrie. (ECF No. 101.)  On September 16, 2024, Mr. Pate and Mr. McMillan met and conferred regarding the issue of waiver of objections and deemed admissions.  (ECF Nos. 114-1 at 2; 127 at 2.)  The Court held an informal Discovery Conference where this issue was discussed on October 2, 2024.[1]  (ECF Nos. 103, 104.)  Defendant Tutterow served substantive responses to the discovery requests on October 14, 2024.  (Pate Decl. ¶ 6.)  The Court held a follow-up Status Conference on November 22, 2024.  (ECF No. 107.)  During the Status Conference, the Court set a briefing schedule for this instant motion.  (ECF No. 108.)  Defendant Tutterow timely filed a Motion for Relief from Waiver and for Leave to Withdraw, Amend and Substantively Respond to Requests for Admissions on December 18, 2024.  (ECF No. 114).  Plaintiff timely filed an opposition on January 8, 2025.  (ECF No. 121.)  On January 15, 2025, Defendant Tutterow timely filed a reply and a declaration by Mr. Pate with her discovery responses attached as exhibits.  (ECF Nos. 126, 127.)

///
///
///
///

---

[1] Both parties incorrectly state that the informal Discovery Conference was held on October 3, 2024.  While the minute entry and minute order regarding the Discovery Conference were docketed on October 3, 2024, the actual Discovery Conference was held on October 2, 2024.  (*See* ECF Nos. 103, 104.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 33, any ground for objecting to an interrogatory that is not stated in a timely response is waived "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Similarly, a failure to timely respond to a request for production under Federal Rule of Civil Procedure 34 constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Although Rule 34 does not expressly provide for relief from waiver, courts have generally treated relief from waiver under Rule 34 the same as relief from waiver under Rule 33. *See Barlow v. Herman*, No. 2:13-CV-00033-JAD, 2014 WL 60213, at *3 (D. Nev. Jan. 6, 2014) (collecting cases). Therefore, courts have the discretion to relieve a late-responding party from the potentially harsh consequences of waiver. *See S.P. v. Cnty. of San Bernardino*, No. EDCV 19-1897-JGB-KKx, 2020 WL 4335375, at *3 (C.D. Cal. May 13, 2020) (citing *Barlow*, 2014 WL 60213, at *2). "To determine whether there is good cause to find objections are not waived, courts consider (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *Id.* (internal quotation marks and citation omitted); *see also Karr v. Napolitano*, No. C 11-02207 LB, 2012 WL 1965855, at *5 (N.D. Cal. May 13, 2012) (evaluating same factors).

Federal Rule of Civil Procedure 36 governs requests for admission. Rule 36 permits a party to serve on any other party a request to admit the "truth of any matters within the scope of [Federal Rule of Civil Procedure] 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)–(B). A matter is deemed admitted "unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A matter deemed admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Rule 36(b) provides, in pertinent part:

> [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*Id*. The withdrawing party bears the burden of showing that withdrawal promotes adjudication on the merits, but the requesting party bears the burden of persuading the court that prejudice exists. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

## III.  DISCUSSION

### A.  Requests for Production and Interrogatories

Defendant Tutterow requests that the Court excuse her failure to timely respond to Plaintiff's first set of interrogatories and RFPs and find that her untimely objections in her October 14, 2024, discovery responses are not waived. (ECF No. 114-1 at 3.) As set forth above, "[t]o determine whether there is good cause to find objections are not waived, courts consider (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *S.P.*, 2020 WL 4335375, at *3 (internal quotation marks and citations omitted). After careful review of the parties' briefing and the relevant law, and applying the relevant factors, the Court finds that Defendant Tutterow's objections to Plaintiff's first set of RFPs and interrogatories are not waived.

Here, the delay stemmed from a conflict of interest that prevented Ms. McQuarrie from being able to represent Defendant Tutterow or even confer with her to prepare discovery responses. (ECF No. 114-1 at 1–2.) Eight days before the responses at issue were due, Ms. McQuarrie emailed Plaintiff's counsel, informing him of the conflict as well as the fact that new counsel would be substituting in and that a discovery extension would be needed. (ECF Nos. 114-1 at 1–2; 121 at 2; Pate Decl. ¶ 5.) Mr. McMillan states that he neither granted nor denied an extension because he "inadvertently lost sight of Ms.

McQuarrie's July 30 email and did not respond at all." (ECF No. 121 at 2; McMillan Decl. ¶ 3.)

On September 16, 2024, ten days after the Court granted the Motion for Approval of Substitution of Counsel, Mr. Pate and Mr. McMillan met and conferred regarding the issue of waiver of objections and deemed admissions. (ECF Nos. 114-1 at 2; 127 at 2.) The Court held an informal Discovery Conference where this issue was discussed on October 2, 2024. (ECF Nos. 103, 104.) Defendant Tutterow served substantive responses to the discovery requests twelve days later. (Pate Decl. ¶ 6.)

Plaintiff asserts that in comparison to the plaintiff in *Shacar v. Trans Union LLC*, No. CV 20-11115 AB (RAOx), 2021 WL 6496405 (C.D. Cal. Sept. 22, 2021), who responded to discovery only a week late due to a calendaring oversight, Defendant Tutterow was over two months late in responding to discovery. (ECF No. 121 at 4.) Mr. McMillan represents that he would have granted the extension had he not lost sight of Ms. McQuarrie's email, and highlights that no one from Devaney Pate Morris & Cameron, LLP or the City Attorney's Office followed up. (*Id.* at 2–3; *see also* McMillan Decl. ¶¶ 3, 4.) Defendant Tutterow points out that substantive responses to the discovery requests were served on October 14, 2024, "only eleven days[2] after the informal Discovery Conference." (ECF No. 114-1 at 3.)

While the discovery requests were propounded on June 17, 2024, with responses due on August 7, 2024, and Defendant Tutterow did not serve responses until October 14, 2024, the Court does not agree with Plaintiff that this length of delay weighs against a finding of good cause. Ms. McQuarrie made Mr. McMillan aware of the issue eight days before the August 7, 2024, deadline. Additionally, the substitution of counsel was not granted by the Court until September 6, 2024. New counsel could not have prepared and served discovery

---

[2] The Court notes that the informal Discovery Conference was held on October 2, 2024, not October 3, 2024, as stated by the parties, and thus the responses were actually served twelve days later, not eleven. (*See* ECF Nos. 103, 104.)

responses before then. Substantive responses were served shortly after the subsequent conference with the Court.

Based on these circumstances, the Court finds that there was good reason for the delay, there was no bad faith with respect to the delay[3], and the length of the delay does not weigh against a finding of good cause. Further, Plaintiff was not prejudiced as the fact discovery cut-off was still approximately two months away at the time Defendant Tutterow served her responses. (*See* Scheduling Order, ECF No. 88 ¶ 2 (setting a fact discovery deadline of December 18, 2024).) Moreover, counsel for Plaintiff acknowledges that had he not inadvertently overlooked the request for an extension of time, he would have granted it, further suggesting a lack of prejudice to Plaintiff. Conversely, the prejudice to Defendant Tutterow from being denied relief is that she would not have the benefit of objections to discovery, some of which the Court has already sustained with respect to other defendants in this case. Accordingly, the Court finds that there is good cause to relieve Defendant Tutterow from the consequences of waiver as to the Plaintiff's first set of interrogatories and RFPs.[4]

### B.   Requests for Admission

"When a party fails to timely respond to requests for admission, those requests are automatically deemed admitted." *Douglas v. Banks*, No. C 09-3191 LHK PR, 2011 WL 577419, at *1 (N.D. Cal. Feb. 7, 2011). A matter deemed admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be

---

[3]   Plaintiff argues that Defendant's Tutterow's responses, which were later amended after Plaintiff pointed out inconsistencies, demonstrate bad faith. (ECF No. 121 at 6.) Defendant Tutterow disagrees. (ECF No. 127 at 2.) That issue is not before the Court and the Court does not consider it in its analysis of whether there was bad faith with respect to the delay in responding to discovery.

[4]   Although the Court acknowledges Plaintiff's point that counsel was not as diligent as they should have been, and either Ms. McQuarrie or Mr. Pate should have followed up on the request for an extension of time, this oversight is not enough to undermine the Court's finding of good cause.

withdrawn or amended." Fed. R. Civ. P. 36(b). Rule 36(b) provides that a "court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the actions on the merits." *Id*. Here, there is no dispute that Defendant Tutterow failed to timely respond to the RFAs by the August 7, 2024, deadline. The issue is whether the Court should exercise its discretion to allow withdrawal and amendment of the deemed admissions.

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Plaintiff argues that Defendant Tutterow has failed to identify the RFAs that, if deemed admitted, would prevent her from presenting the merits of her defense. (ECF No. 121 at 9.) Therefore, Plaintiff argues, Defendant Tutterow's argument as to the first half of the test should be deemed abandoned. (*Id*. at 9–10.) Defendant Tutterow contends in her motion that "the instant twenty-three [RFAs] are substantive in nature." (ECF No. 114-1 at 4.) In her reply, Defendant Tutterow highlights the fact that the RFAs asked her to admit things such as:

> whether she "physically removed Plaintiff Lance Black from his vehicle," "physically restrained Plaintiff Lance Black using an unreasonable amount of force," "Plaintiff Lance Black complied with all orders," whether "Plaintiff Lance Black agreed to exit his vehicle before being physically removed from it," whether there was "probable cause to believe that Plaintiff Lance Black had committed a crime," that "Plaintiff made no attempt to evade your detention," that Officer Tutterow "saw a temporary registration tag on the windshield," that Officer Tutterow "deleted a video from Plaintiff Lance Black's cell phone," that Officer Tutterow "had a duty to intervene to stop another DEFENDANT POLICE OFFICER'S excessive use of force on Plaintiff Lance Black," that Officer Tutterow "had a duty to intervene to stop another DEFENDANT POLICE OFFICER from arresting Plaintiff Lance Black," that Officer Tutterow "had a duty to intervene to stop another POLICE OFFICER DEFENDANT'S from searching Plaintiff Lance Black's vehicle," that Officer Tutterow "applied handcuffs to Plaintiff Lance Black so as to inflict pain on Plaintiff Lance Black."

(ECF No. 127 at 2–3.)

The Court agrees with Defendant Tutterow that many of the RFAs at issue conceded substantive and core elements of the instant matter. The first prong of the test in Rule 36(b) is satisfied here because allowing withdrawal and amendment would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b); *see also Lyons v. Santero*, No. CV 07-02773-MMM (VBK), 2011 WL 3353890, at *3 (C.D. Cal. May 11, 2011), <u>report and recommendation adopted</u>, 2011 WL 3353868 (C.D. Cal. Aug. 1, 2011) (noting the "admissions go directly to the ultimate question of whether [d]efendants used excessive force" and in finding that "[t]he presentation of the merits would be subserved if [d]efendants were allowed to prevail on the matters deemed admitted under Rule 36").

Under the second prong of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case . . . with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348 (internal quotation marks and citation omitted). Thus, the prejudice inquiry of the second half of the Rule 36(b) test "should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623. In *Conlon*, for instance, the Ninth Circuit found prejudice when the non-moving party "relied on the admissions for a total of two and half months, through the discovery and dispositive motion cut-off dates, with no indication that [the moving party] intended to file a motion to withdraw his admissions." *Id*. at 624. "In addition . . . only eight days remained until trial." *Id*. "As a result, the [non-moving party] conducted none of the discovery it otherwise needed to prove its case at trial." *Id*. Notably, even in those circumstances, the Ninth Circuit deemed it "a close call." *Id*.

Here, Plaintiff has not adequately established prejudice. Defendant Tutterow's motion was made well before trial, which has not yet been set. (*See* ECF No. 148.) "Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw

an admission, especially when the other party has relied heavily on the admission." *Hadley*, 45 F.3d at 1348–49 (internal quotation marks and citation omitted); *cf. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, No. C05-00198 JWHRL, 2007 WL 1140464, at *2, 5 (N.D. Cal. Apr. 17, 2007) (granting motion to withdraw admissions where defendants did not respond to RFAs for over one year, but trial was not imminent). Furthermore, the discovery cut-off was still approximately two months away when Defendant Tutterow served her responses. (*See* ECF No. 88 ¶ 2.)

Plaintiff contends that he would be prejudiced because his counsel "relied on [Defendant Tutterow's] admissions when preparing for the depositions of Defendants Ryan Poole, Elizabeth Ortiz, and Jonathan Wells, which have already taken place" and which "were taken in cognizance of [Defendant] Tutterow's deemed admitted admissions." (ECF No. 121 at 10.) Plaintiff does not provide any more detail on how specifically Defendant Tutterow's admissions relate to Plaintiff's preparation for and completion of those depositions. Defendant Tutterow argues that Plaintiff fails to mention that these depositions were taken on December 11, 2024, January 2, 2025, and January 11, 2025, respectively, long after Defendant Tutterow provided substantive responses to the RFAs. (ECF No. 127 at 3.) Prior to these depositions, Plaintiff had Defendant Tutterow's responses to the requests for admissions and was fully aware of her intent to request relief from the deemed admissions. (*See id*.; *see also* ECF Nos. 108, 114.) In fact, the parties already had a briefing schedule for the instant motion and two of the depositions were taken after Defendant Tutterow had filed this motion. If, under those circumstances, Plaintiff opted to conduct any portions of those depositions in reliance on the deemed admissions, he did so strategically and at his own peril. If there was prejudice, it was prejudice he chose not to avoid.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant Tutterow's Motion for Relief from Waiver and for Leave to Withdraw, Amend and Substantively Respond to Requests for Admission. (ECF No. 114) Defendant Tutterow shall be relieved from

waiver of her objections in this instance. Additionally, Defendant Tutterow's admissions to the RFAs based on her failure to provide timely responses are withdrawn and her October 14, 2024, responses to the RFAs are deemed to be Defendant Tutterow's responses.

**IT IS SO ORDERED.**

Dated: March 28, 2025

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge