1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BLACK, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.: 3:21-cv-01990-RBM-JLB<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS**<br><br>**[Doc. 173]** |

On May 2, 2025, Magistrate Judge Jill L. Burkhardt issued an Order Denying Plaintiff's Application for Leave to Conduct Deposition by Video and to Prepare Transcript Using Voice Recognition Technology ("Magistrate Judge Decision"). (Doc. 172.) On May 14, 2025, Plaintiff Lance Black filed an Objection to Order Denying Plaintiff's Application for Leave to Conduct Deposition by Video and to Prepare Transcript Using Voice Recognition ("Objections"). (Doc. 173.) On May 27, 2025, Defendants filed a Response to Plaintiff's Objections ("Response"). (Doc. 174.) Plaintiff filed an Opposition to Defendant's Response to Plaintiff's Objections ("Reply") on June 2, 2025. (Doc. 175.)

For the reasons outlined below, Plaintiff's Objections to the Magistrate Judge's Decision are **OVERRULED**.

## I.      BACKGROUND

The Magistrate Judge's Decision accurately summarizes the briefing filed by the parties and identifies the status conferences held (Doc. 172 at 2–3) to address Plaintiff's

1

Application for Leave to Conduct Deposition by Video and to Prepare Transcript Using Voice Recognition Technology According to Rule 30(b)(3)(A) ("Plaintiff's Application") (Doc. 153). Plaintiff's Application was fully briefed, including supplemental briefing ordered by the Magistrate Judge to address specific issues, and a status conference. (Docs. 160, 162–166, 168, 170–171.)

Plaintiff seeks to conduct at least 13 depositions using artificial intelligence ("AI") software and a notary public and videographer, Casey Stark, to prepare and certify the deposition transcripts. (Doc. 173-1 at 5; Doc. 153 at 1–2.) Plaintiff also requests "[t]hat the transcripts produced by Mr. Stark, so long as produced according to Rule 30, maybe submitted as 'transcripts' for all purposes, including motions, the pretrial requirements of Rule 26, and at trial itself." (Doc. 153 at 2.) As the Magistrate Judge explained, Plaintiff is "essentially indigent," and he hopes to reduce his expense for each remaining deposition from approximately $4,000 to $1,500 by using Mr. Stark to create and certify the depositions. (Doc. 172 at 4 (citing Doc.153 at 3, 5).)

In their Response to Plaintiff's Objections, Defendants reiterate that they "do not oppose Mr. Stark acting as a videographer or deposition officer." (Doc. 174 at 2.) They also note that they "do not interpret the Magistrate Judge's [Decision] as disallowing the ability of Mr. Stark to serve in those roles." (*Id.*) However, Defendants do continue to "oppose utilizing the AI program for creating, and Mr. Stark certifying, the deposition transcript." (*Id.*)

## II.    LEGAL STANDARDS

A district court's review of a non-dispositive decision by a magistrate judge is limited. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly

2

erroneous or contrary to law.").

"The 'contrary to law' standard applies to a magistrate judge's purely legal determinations." *McAdam v. State Nat'l Ins. Co.*, 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014) (citing *Computer Econs., Inc. v. Gartner Grp., Inc.,* 50 F. Supp. 2d 980, 983 (S.D. Cal.1999)). "A magistrate judge's conclusions of law are 'contrary to law' if the magistrate judge applies an incorrect legal standard, misapplies the applicable standard, or fails to consider an element of the applicable standard." *Thai v. Cnty. of Los Angeles*, Case No. 15-cv-583-WQH-NLS, 2022 WL 1017888, at *3 (S.D. Cal. Apr. 5, 2022) (citations omitted). "The 'clearly erroneous' standard, which applies to a magistrate judge's findings of fact, is 'significantly deferential, requiring a definite and firm conviction that a mistake [h]as been committed.'" *Thai*, 2022 WL 1017888, at *3 (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993)).

## III.    DISCUSSION

Plaintiff argues: (1) the Magistrate Judge's Decision is contrary to the Federal Rules of Civil Procedure because it interferes with his ability to conduct this case inexpensively; (2) the Magistrate Judge exceeded her jurisdiction in finding Mr. Stark was not qualified to be the deposition officer under the terms proposed by Plaintiff; (3) the Magistrate Judge's Decision is contrary to the Federal Rules of Civil Procedure regarding the appointment of a deposition officer, the conduct of a deposition, and the preparation of a transcript; (4) Defendants waived the issue of confidentiality; and (5) the number of depositions Plaintiff is taking should not be considered.  Because the Court finds the Magistrate Judge's Decision does not conflict with the Federal Rules of Civil Procedure or exceed the Magistrate Judge's jurisdiction and confidentiality and the number of depositions were properly considered, Plaintiff's Objections are overruled.

### A.    The Magistrate Judge's Decision Does Not Conflict with the Federal Rules of Civil Procedure

Plaintiff seeks to conduct depositions using a notary public and videographer, Mr. Stark, as the deposition officer and for Mr. Stark to "prepare and certify the deposition

transcript, aided by AI transcription software." (Doc. 173-1 at 5.) Plaintiff argues that because Federal Rules of Civil Procedure 1 and 30(b)(3)(A) provide for the inexpensive conduct of litigation, the Magistrate Judge's Decision denying Plaintiff's Application to conduct these depositions by a less expensive method is "clearly contrary to the law." (*Id.* at 7.) Plaintiff also asserts in his objection that because Rule 26(b)(2)(A) only specifies that courts may limit the number of depositions and interrogatories and the length of depositions, imposing any other limit on how a deposition is conducted is contrary to the law. (*Id.* (citing Rule 26(b)(2)(A).) For the reasons set forth below, the Court overrules these objections.

Rule 1 provides that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts" and "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Rule 30(b)(3)(A) states:

> **(3) Method of Recording.**
> **(A)** Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

Rule 26(b)(2)(A) states:

> **(2) Limitations on Frequency and Extent.**
> **(A)** When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

If the Court were to interpret Rule 1, Rule 30(b)(3)(A), and Rule 26(b)(2)(A) as Plaintiff suggests in his Objections—prohibiting a magistrate judge from imposing

4

parameters on a party's preferred method of creating and certifying a deposition to reduce the expense—then a magistrate judge could never impose any limitation or restriction whatsoever on how a deposition is recorded, transcribed, or certified.  (Doc. 173-1 at 7 (citing *Lucas v. Curran*, 62 F.R.D. 336, 337 (E.D. Pa. 1974)).  Followed to its logical conclusion, a magistrate judge would always have to accept a party's less expensive method regardless of legitimate concerns raised by an opposing party.  The Court is not persuaded this is a reasonable interpretation of the Federal Rules of Civil Procedure, particularly given the broad discretion given to magistrate judges to manage discovery. *See* Fed. R. Civ. P. 26(b) (Discovery Scope and Limits).

Additionally, the sentence in Rule 30(b)(3)(A) addressing how a deposition is recorded begins with "[u]nless the court orders otherwise."  This is consistent with a judge's discretion to impose limits on how discovery is conducted, including as to depositions.  This case itself illustrates why a court might "order[] otherwise."  Rule 30(b)(3)(A).  An opposing party has identified numerous legitimate concerns with having many depositions—at least 13—taken and certified by an untested method that raises concerns in the handling of confidential information subject to a Protective Order.  (Doc. 172 at 23, 5–7.)  The Magistrate Judge's denial of Plaintiff's Application was not contrary to law and this objection is overruled.

**B.    The Magistrate Judge Did Not Exceed Her Jurisdiction or Violate the Rules Regarding a Deposition Officer or the Enabling Act[1]**

Plaintiff argues the Magistrate Judge exceeded her jurisdiction and violated the Federal Rules, including the Rules Enabling Act, in denying his request because the Federal Rules of Civil Procedure do not dictate the qualifications, the level of experience, or the methods by which depositions are conducted and transcripts certified.  (Doc. 173-1 at 7– 14.)  Plaintiff quotes limitations identified in the Magistrate Judge's Decision regarding

---

[1] Given the overlap in these two sections of Plaintiff's Objections, the Court addresses them together.

3:21-cv-01990-RBM-JLB

Mr. Stark's experience and then characterizes these as improper "requirements" imposed by the Magistrate Judge that are incompatible with the Federal Rules minimal requirements that a deposition be taken before for a deposition officer able to administer oaths. (*Id.* at 8–9 ("These critiques are entirely incompatible with the Federal Rules of Civil Procedure 28, 29, 30, and 32.").) Plaintiff asserts that a judge cannot impose any limitation on who conducts, creates, and certifies a deposition—even when numerous challenges are raised by an opposing party—because no Rule specifies those limitations. (*Id.* at 8–12; *see also* Doc. 172 at 5 (Magistrate Judge's Decision identifying Defendants' many challenges to Mr. Stark creating and certifying transcripts because of confidentiality concerns with the AI platform as well as concerns regarding the accuracy of a deposition created and certified as proposed).) Plaintiff asserts the Magistrate Judge's Decision constitutes the creation of a rule that conflicts with the Federal Rules. (Doc. 173-1 at 12–14.) Plaintiff also asserts that his proposal sufficiently addresses the concerns raised regarding the accuracy and clarity of the record. (Doc. 173-1 at 10–12.)

The Court is not persuaded that the Magistrate Judge's discussion of the limitations in Mr. Stark's experience and qualifications, issues raised by Defendants, constitute the creation and implementation of improper requirements for a deposition officer. Rather, the Magistrate Judge thoroughly considered Mr. Stark's background and experience to determine whether Plaintiff's less-expensive proposal for the creation and certification of at least 13 depositions will work in this particular case. (Doc. 172 at 6–7.) For example, after summarizing Mr. Stark's proposed method of training the AI program in real time through modifications made as testimony is being taken, the Magistrate Judge fairly concludes that "this practice is untested in a real-life deposition setting and could lead to unanticipated delays and problems."[2] (*Id.* at 6.) This is not the creation of a requirement

---

[2] The potential for "delays and problems" is particularly problematic in this case given the original fact discovery deadline, extended multiple times, was more than six months ago. (Doc. 88 at 1 (initial Scheduling Order).)

3:21-cv-01990-RBM-JLB

that Mr. Stark have certain prior experience.  It is the recognition that an untested method for the creation, the transcription, and the certification of deposition transcripts using an AI platform that raises "legitimate concerns" regarding confidentiality is not a permissible option for Plaintiff's remaining 13 depositions in this case.

As the Magistrate Judge acknowledged here, there may be cases and circumstances that would warrant depositions being taken as Plaintiff proposes.  (Doc. 172 at 7 n.1 ("This is not to say that Mr. Stark, or someone else with his experience and skills, aided by AI transcription software, would not be an appropriate deposition officer in a different case. For all the reasons addressed in this order, though, this is not the right case.").)  Here, however, the Magistrate Judge properly denied the request to conduct 13 depositions in this case in a way that was untested and raised concerns as to accuracy and maintaining confidentiality.  Accordingly, these objections are overruled.

## C.    Confidentiality

Plaintiff asserts that Defendants have "waived the issue of confidentiality" by not designating prior depositions as confidential and by their own use of a third-party platform to transmit files.  (Doc. 173-1 at 14; Doc. 174 at 8–10.)  Plaintiff also asserts that, to the extent the Magistrate Judge "gave any weight to the City of San Diego's Artificial Intelligence and Generative Artificial Intelligence Policy when forming its decision, that policy should not bear any weight, as federal law should control."  (Doc. 173-1 at 14–15.)

The Magistrate Judge assessed Defendants' challenges as to confidentiality to be legitimate, discussed the AI platform's disclaimer on the use of the data, and concluded that providing information designated as confidential under the terms of the Protective Order to the AI platform when it is unclear "how the information will be stored and used, violates the Protective Order and is not justified in this case."  (Doc. 172 at 7–8.)  This consideration of confidentiality, among other reasons for denying Plaintiff's Application, is not contrary to law or clearly erroneous.  *See Thai*, 2022 WL 1017888, at *3 (defining contrary to law as applying "an incorrect legal standard, misapply[ying] the applicable standard, or fail[ing] to consider an element of the applicable standard" and defining clearly

7

erroneous as requiring a "definite and firm conviction that a mistake [h]as been committed.") (citations omitted).   The Magistrate Judge appropriately considered Defendants' challenges to confidentiality in using the AI platform and found its use would violate the Protective Order.  This analysis and conclusion are not contrary to law and there was no mistake committed in reaching this conclusion.

Defendants not designating prior depositions confidential is not a broad waiver of confidentiality as to these 13 remaining depositions.  The limited authority relied on by Plaintiff for this assertion is distinguishable.   In *Richmark Corp. v. Timber Falling Consultants*, the court found a party waived a specific objection to discovery requests and interrogatories by not raising the objection in response to the initial discovery requests, or in response to a motion to compel, or in response to a motion to stay discovery, or before the Ninth Circuit.  959 F.2d 1468, 1473 (9th Cir. 1992).  The issue was first raised in a reply brief on imposition of contempt sanctions and the court found at that point, the objection was waived.  *Id.*  Here, Plaintiff's Application sought to take 13 depositions a particular way and to obtain approval for the use of these depositions for motions and trial. (*See supra* Section I.)  Defendants opposed Plaintiff's proposal based on confidentiality concerns, among many other issues.  (*Id.*)  Defendants did not waive a challenge to the submission of confidential information to the AI platform as proposed by Plaintiff because this was the first time it was proposed.  And, to the extent Plaintiff is arguing Defendants broadly waived all confidentiality challenges as to anything that might arise in the remaining 13 depositions because they did not designate the prior four depositions as confidential, the Court is not persuaded.  Plaintiff has not provided any authority for the proposition that Defendants' waiver, to the extent there was any, could be that broad.  As noted above, *Richmark Corp.*, the only case cited by Plaintiff, is distinguishable because it involved specific challenges that were not raised through numerous stages of litigation. 959 F.2d at 1473.

Similarly, Defendants' use of a third-party cloud service to transmit information does not constitute a waiver of all confidentiality challenges in Plaintiff's use of an AI

platform to transcribe or record depositions.  Plaintiff asserts that "[b]y providing information designated as confidential to Google Drive, Defendants should be considered to have waived the issue."  (Doc. 173-1 at 14; *see also* Doc. 175 at 8–10.)  Essentially, Plaintiff is asserting that because Defendants have used a different third-party service in a way that might have confidentiality concerns similar to Plaintiff's use of an AI platform, the Court should find Defendants have waived all confidentiality challenges regarding the AI platform's use for depositions.  While these services or platforms both involve third-party platforms and might both raise confidentiality concerns, Plaintiff cites no authority for the proposition that Defendant's use of Google Drive constitutes a waiver as to all confidential information.

The Court is also not persuaded there was any error in consideration of the City's Artificial Intelligence and Generative Artificial Intelligence Policy.  Plaintiff seems to suggest that the Magistrate Judge applied the City's Policy, instead of federal law, to determine what is and is not confidential.  However, the Magistrate Judge does not rely on the City's Policy as a basis for denying Plaintiff's Application.  The Magistrate Judge's Decision acknowledges Defendants' arguments regarding the prohibitions in the City's Policy regarding the submission of confidential information to AI platforms without appropriate controls (Doc. 172 at 5), but the denial does not rely on violation of the Policy (*id.* at 7–8).  It relies on the information being submitted to an AI platform being confidential and a violation of the Protective Order.  (*Id.*)

Plaintiff's objections regarding confidentiality and consideration of the City's Policy are overruled.

### D.    Consideration of the Number of Depositions

Plaintiff objects that the "number of depositions is not at issue and any ruling should not consider it."  (Doc. 173-1 at 15.)  Plaintiff asserts that the number cannot be considered because no prior objection was made to the number of depositions and the parties' discovery plan provided for Plaintiff to take 26 total depositions.  (*Id.*)

The Magistrate Judge's consideration of the number of depositions and their necessity was not clearly erroneous or contrary to law. To the extent the Magistrate Judge even relies on the number of depositions in denying Plaintiff's Application,[3] these are permissible considerations. If there were problems with the proposed method, curing those problems would cause further delay of this case and the number of depositions at issue would increase the delays.[4] This objection is overruled.

## IV.    CONCLUSION

Plaintiff's Objections are **OVERRULED**.

**IT IS SO ORDERED.**

Dated:  July 10, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] The Magistrate Judge's Decision briefly notes this point after rejecting Plaintiff's proposal as an untested method that could result in delays and problems and then finding that conducting the depositions as requested by Plaintiff would violate the Protective Order. (Doc. 172 at 6–8.) In this respect, it is not clear that the Magistrate Judge even relies on the number and necessity for the depositions in denying Plaintiff's Application. Even if she does, the Magistrate Judge provides numerous other reasons for denying Plaintiff's Application. (Doc. 172 at 1–7.)

[4] However, to the extent Defendants' assertion that Plaintiff's Objections should be overruled because he has "overlitigat[ed]" this case (Doc. 174 at 3–4) were intended to address this objection, the Court is not persuaded that bears on this issue. If Defendants had legitimate challenges to how Plaintiff has pursued discovery in this case, those issues should have been raised with the Magistrate Judge in a timely fashion. They are not a proper basis to overrule Plaintiff's Objections the Magistrate Judge's Decision.

3:21-cv-01990-RBM-JLB